IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

SHELBY AND VERNON
SCHARP,

Plaintiffs,

vs.

BOARD OF COUNTY COMMISSIONERS
OF TETON COUNTY,

Defendant.

Civil Action No.
2:25-cv-00128-KHR

**CIVIL RIGHTS**
**42 U.S.C. § 1983**

## JOINT CASE MANAGEMENT PLAN

**(The parties' proposed plan is subject to revision and modification by the Court at the Initial Pretrial Conference)**

1. The names of counsel or pro se parties who attended the Rule 26(f) meeting and assisted in developing this Case Management Plan.

**Response: Austin Waisanen, David Deerson, and Brian Hodges on behalf of Plaintiffs Trey and Shelby Scharp. Mr. Keith Gingery on behalf of Defendant Board of County Commissioners of Teton County.**

2. A list of the parties in the case, including any parent corporations or entities (for recusal purposes).

**Response: Trey and Shelby Scharp – Plaintiffs. Teton County – Defendants.**

3. List any cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.

**Response: None.**

4.       A short statement of the nature of the case (2 pages or less), including a description of the claims and defenses.

**Response: The Plaintiffs assert that the nature of the case is as follows:**

This is a civil rights action brought by Plaintiffs Trey and Shelby Scharp, who are building a home on property they own in Teton County, Wyoming. Teton County requires new homes and other construction to satisfy its affordable workforce housing standards (the "standards"). The standards suppose that new construction has a negative impact on housing affordability in Teton County, and therefore impose what the law terms an exaction: a requirement to pay money or dedicate property to offset the development's negative public impacts. Pursuant to the standards, Teton County charged the Scharps an approximately $25,000 housing impact fee as a condition of approving the Scharps' building permit. The fee was calculated by Teton County to be the amount of money necessary to build the affordable housing that the Scharps' new home would generate.

The Plaintiffs do not think their home, or residential construction generally, has a negative impact on housing affordability. The Supreme Court has held that exactions must have a 1) essential nexus and 2) rough proportionality with a development's impacts, lest the condition be an "unconstitutional condition." In practice, these requirements ensure that the property or money demanded by a local government (the "exaction") is actually needed to address a public impact caused by the new development (rather than merely a convenient way of raising money or collecting property for general public purposes), and that any such exaction is not larger than necessary. Because exactions implicate a person's fundamental Fifth Amendment right to just compensation when the government takes property, courts closely scrutinize an exaction for nexus and proportionality, and the Government bears the burden of proof.

The Plaintiffs thus challenge the sufficiency of Teton County's affordable workforce housing standards under the Supreme Court's nexus and proportionality requirements. The Plaintiffs argue Teton County cannot meet its heightened-scrutiny burden of showing an essential nexus (and proportionality) between its affordable workforce housing standards (as applied, the $25,000 fee) and a negative impact on housing affordability. The Scharps contend that their home, and new residential construction generally, increases the supply of available housing and therefore mitigates housing affordability problems in Teton County, rather than exacerbating them. If Plaintiffs are right, then Plaintiffs were subject to an "unconstitutional condition" when Teton County required them to pay for or otherwise mitigate for their new home's claimed negative effect on housing affordability. Thus, the Plaintiffs seek in their only count a judgment that their rights were violated pursuant to the unconstitutional conditions doctrine, money damages therefor, and a declaration and injunction against Teton County, recognizing that further enforcement of the standards is unlawful.

The Defendants assert that the nature of the case is whether the Teton County Affordable Workforce Housing Standards meet the nexus and rough proportionality of the *Nollan* and *Dolan* tests.

5. A statement describing the basis for jurisdiction and citing specific jurisdictional statutes. If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute. The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business, and (2) partnerships and limited liability companies are citizens of every state in which one of their partners or members resides. *If a party is a partnership or limited liability*

*company, and the pleadings do not allege the citizenship of the partners/members, the parties shall include a statement of whether all partners/members are diverse from the opposite side.*

**Response: This lawsuit raises civil rights claims arising under federal law and occurring within the District of Wyoming. 42 U.S.C. § 1331 (providing "federal question" jurisdiction), 28 U.S.C. § 1343(a)(4) (providing for "original" jurisdiction in civil rights cases), and 28 U.S.C. § 2201 (providing jurisdiction to issue declaratory relief) give the Court jurisdiction to hear this dispute.**

6. A list of any parties who have <u>not</u> been served, and an explanation of why they have not been served. Also, a list of any parties who have been served, but have not answered or otherwise appeared.

**Response: All parties served.**

7. A statement of whether any party expects to add additional parties to the case or otherwise amend the pleadings (the Court will set a deadline to join parties or amend pleadings at the conference).

**Response: Not expected.**

8. Whether there are dispositive or partially dispositive issues appropriate for decision by motion or by agreement.

**Response: The nexus issue presents a potentially dispositive question which could likely be decided by this Court without a trial.**

9. Whether the parties have complied with self-executing discovery (initial disclosures) as required by Rule 26(a).

**Response: Teton County made its initial disclosures at the Rule 26(f) conference. The Plaintiffs will make theirs within 14 days of the conference.**

10. Whether the parties can stipulate to any facts to avoid or minimize discovery; the nature and type of discovery each party intends to pursue, whether proportionality of discovery is an issue, whether the parties anticipate any issues with discovery of electronically stored information (ESI), and whether the discovery should be limited in any manner.

**Response: The Parties will agree on many facts, do not anticipate complicated or contentious discovery, and suggest that the case turns on a primarily legal question: whether the exactions imposed by the standards have an essential nexus and rough proportionality under Supreme Court precedent.**

11. Proposed specific dates for each of the following, keeping in mind that trial should occur within approximately nine (9) months from the date of the Initial Pretrial Conference, unless there are unusual or unique circumstances. Parties should be prepared to address any issues that require additional time at the Initial Pretrial Conference.

    a. Proposed dates for full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C);

**Initial Expert Disclosure: January 30, 2026.**

**Rebuttal Expert Disclosure: Due 40 days after initial expert disclosure.**

    b. A proposed deadline for the completion of fact discovery; and

**All Discovery Served and Responses Due by December 17, 2025.**

    c. A proposed date for trial.

**April or May, 2026.**

**Response: See bold above.**

12.     Indicate any other matters peculiar or unique to this case, including discovery, that deserve the special attention of the Court at the Initial Pretrial Conference.

**Response: None.**

13.     The estimated length of trial and any suggestions for shortening the trial.

**Response: 1–3 days.**

14.     The prospects for settlement (good, fair, or poor), including any request of the Court for assistance in settlement efforts.

**Response: The prospects for settlement do not seem high at this time and no assistance from the Court is requested.**

15.     Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner.

**Response: None.**

| | |
|---|---|
| /s/Austin Waisanen<br>Counsel for Plaintiff(s) | 8/29/2025<br>Date |
| /s/Keith Gingery<br>Counsel for Defendant(s) | 8/29/2025<br>Date |