FILED

8:22 am, 9/11/25

Margaret Botkins
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| SHELBY SCHARP and VERNON SCHARP<br><br>Plaintiffs,<br><br>vs.<br><br>TETON COUNTY BOARD OF COUNTY COMMISSIONERS,<br><br>Defendant. | Case No. 25-CV-128-R |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS [12]**

This matter is before the Court on Defendant Teton County Board of County Commissioners' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). [ECF No. 12]. Defendant moves to dismiss Plaintiffs' Complaint alleging Plaintiffs failed to exhaust their administrative remedies and, therefore, fail to state a claim upon which relief can be granted. The Court, having carefully considered the Motion and Response finds Defendant's Motion to Dismiss should be denied.

**BACKGROUND**

On May 21, 2025, Plaintiffs filed a Complaint seeking declaratory, injunctive, and monetary relief from Teton County's "affordable workforce housing" regulations, codified at §§ 6.3.1 *et. seq.* of Teton County's "Land Use Regulations." [ECF No. 1]. Plaintiffs' claim surrounds Teton County's requirement that Plaintiffs pay a $24,325.05 "affordable workforce housing fee" toward the County's subsidized housing programs as a condition

of receiving permission to build a new home on their property. *Id*. Plaintiffs bring a claim for unconstitutional exaction of property under the Fifth Amendment Takings Clause.

Defendant requests dismissal of the Complaint arguing Plaintiffs failed to state a claim upon which relief can be granted. Specifically, Defendant claims Plaintiffs have no viable claim because they failed to exhaust their administrative remedies regarding the $24,325 affordable housing fee. Defendant claims Teton County Land Development Regulation 6.33(B), titled Independent Calculation, allows an applicant for development to elect to prepare and pursue an independent calculation of the required affordable housing workforce fee if the applicant believes the nature, timing, or location of the proposed employee-generating development is likely to create less need for affordable workforce housing than otherwise required by the regulation. Plaintiffs never requested an independent calculation or articulated any objection to the affordable housing fee. Defendant further asserts that Plaintiffs also have the opportunity and ability to appeal a final agency decision to the Board of County Commissioners under Teton County Land Development Regulation 8.8.3, if they object to the independent calculation.

Defendant argues Plaintiffs failed to exhaust all administrative remedies prior to filing this lawsuit, two (2) years after paying the affordable housing fee. Consequently, Defendant claims Plaintiffs failed to exhaust their administrative remedies by not proposing an independent calculation or appealing the final agency decision once issued, and argues the Complaint must be dismissed for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

In response to Defendant's Motion to Dismiss Plaintiffs argue they were not required to pursue administrative remedies when Defendant imposed the affordable housing mitigation fee as a condition to receiving a building permit. Rather, Plaintiffs assert their civil rights claim ripened and became justiciable the moment Defendant made a final decision regarding the applicability of its affordable workforce housing standards and imposed the fee as a condition of approving their building permit.

### RELEVANT LAW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may respond to a complaint with a defense for the "failure to state a claim upon which relief can be granted." In reviewing a 12(b)(6) motion, a court should "accept as true all well-pleaded factual allegations in a complaint in a light most favorable to the plaintiff." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In examining a claim's sufficiency, the Court may not "weigh potential evidence that the parties might present at trial." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003). Rather, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff" while assessing "whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007); *Dubbs*, 336 F.3d at 1201.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Plausibility does not equal probability. *Id.* A plaintiff must show more than a sheer possibility that the defendant acted unlawfully, passing the line from speculation or conceivability to plausibility. *Id*; *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). Labels, legal conclusions, and formulaic recitations of the elements are insufficient to survive a motion to dismiss. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

## RULING OF THE COURT

Plaintiffs allege Defendant's imposition of the affordable workforce housing fee as a condition precedent to the issuance of a building permit is an unlawful exaction of money. Plaintiffs bring suit under 42 U.S.C. § 1983 claiming the imposition of the affordable housing mitigation fee violates the Takings Clause of the Fifth Amendment. The Fifth Amendment's Takings Clause, provides: "nor shall private property be taken for public use, without just compensation." *Sheetz v. Cnty. of El Dorado*, 601 U.S. 267, 273 (2024). The just compensation provision requires the government to compensate the owner of property at fair market value for the taking of private property for public use. *Id*. "By requiring the government to pay for what it takes, the Takings Clause saves individual property owners from bearing 'public burdens which, in all fairness and justice, should be borne by the public as a whole.'" *Id*. (quoting *Armstrong v. United States*, 364 U.S. 40 (1960)). "The

4

Takings Clause's right to just compensation coexists with the States' police power to engage in land-use planning." *Id*.

Defendant is correct in the notion that generally "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006) (internal quotations and citations omitted). However, a party may initiate constitutional claims under 42 U.S.C. § 1983 without first seeking a remedy with the state. *Knick v. Township of Scott*, 588 U.S. 180, 194 (2019).

In *Pakdel v. City & County of San Francisco*, the Supreme Court further clarified that exhaustion of administrative remedies "is not a prerequisite for a takings claim when the government has reached a conclusive position." 594 U.S. 474, 480 (2021) (citing *Knick*, 588 U.S., at 185). In *Pakdel*, San Francisco property owners sued over a city ordinance that required property owners attempting to convert an apartment building to condominiums to offer a lifetime lease to any current tenants. *Id*. at 475–79. The district court dismissed the property owner's claims for failure to exhaust administrative remedies. *Id*. The Ninth Circuit affirmed finding, the property owners "never obtained a final decision" because they "made a belated request for an exemption at the end of the administrative process instead of timely seeking one through the prescribed procedures." *Id*. at 477–78 (internal citations and quotations omitted). The United States Supreme Court reversed the Ninth Circuit decision stating the requirement that the property owners "seek an exemption through the prescribed [state] procedures, plainly requires exhaustion." *Id*.

at 479 (internal citations and quotations omitted).  The Court further held that "[t]he finality requirement is relatively modest" and "nothing more than de facto finality is necessary." *Id*. at 478–79.  A government's decision is final for purposes of judicial review once a property owner has shown there is no question as to how the regulation will apply to the land at issue.  *Id*. at 478.

Therefore, the Court concludes that the issue of exhaustion of available administrative remedies is not dispositive of the takings claim asserted in Plaintiffs' Complaint pursuant to 42 U.S.C. § 1983.  Rather, Plaintiffs must establish that Defendant's decision regarding the imposition of an affordable workforce housing fee is a final decision. *Black Hill Holdings*, *LLC v. City of St. George*, 764 F. Supp. 3d 1106, 1114 (D. Utah 2025). "The finality requirement ensures that property owners have suffered actual injury 'and are not prematurely suing over a hypothetical harm.'" *Id*. (quoting *Pakdel*, 594 U.S. at 478).

The Court finds Plaintiffs' claim is based on a final decision.  The Tenth Circuit has held "that a regulatory decision is not 'final' if avenues still exist for the 'government to clarify or change its decision'—in other words, a takings claim is prudentially ripe when 'the permissible uses of the property' are known to a reasonable degree of certainty."  *Id*. at 1115 (quoting *N. Mill St., LLC v. City of Aspen*, 6 F.4th 1216, 1230 (10th Cir. 2021)). Nevertheless, property owners alleging a taking do not need to pursue every administrative avenue available before seeking judicial intervention.  *Id*.  "Instead, courts recognize that finality is an elastic concept evaluated on a case-by-case basis."  *Id*.

Defendant does not directly address the finality issue, other than to say Plaintiffs failed to pursue available remedies such as requesting an independent calculation for the affordable housing fee, and that Plaintiffs could have availed themselves of other options. However, when accepting the allegations in the Complaint as true, as the Court is required to do for purposes of this Motion, Plaintiffs have shown Teton County made it clear that approval of their building permit was contingent on compliance with the County's affordable workforce housing requirements, and that decision was a final.

In February 2022, during planning review, Teton County officials informed Plaintiffs they would have to pay an affordable housing fee for a newly constructed home when considering their application to make their existing home an accessory dwelling unit. [ECF 14-1]. Again, in March of 2023, Teton County officials informed Plaintiffs that the Affordable Housing Fees must be paid in full, ($24,325.05), as a condition of approving their building permit application. [ECF No. 14-2]. A short time later Plaintiffs paid the fee so that they could obtain a building permit to begin construction as required by Teton County LDR § 6.3.5.D.5.d which provides that "[t]he in-lieu fee shall be paid prior to the granting of the applicable building permit." The only real issue regarding the affordable housing fee raised in Defendant's arguments surrounds the amount of the fee, not the imposition of a fee. Plaintiffs' ability to request an independent calculation does not alter the finality analysis. Rather, the evidence shows Defendant required Plaintiff to pay an affordable housing fee before it would issue a building permit. *See Black Hill Holdings*, LLC, 764 F. Supp. 3d at 1115–17 (decision was final where property owners' development

proposal would be denied without a completed geotechnical study, regardless of whether the property owners could or would amend other aspects of their proposal to comply with the city ordinance).

Plaintiffs have met the "modest" finality requirement by plausibly pleading that an affordable housing fee was required before a building permit would be issued. Plaintiffs have sufficiently shown how the regulations at issue, the affordable housing standards and fees, apply to their land and proposed property development, and the Court finds Defendant's decision is final for the purposes of determining whether Plaintiff's claims are ripe for review. Plaintiffs' claims became final for judicial review under 42 U.S.C. § 1983 "when they were assessed a fee in exchange for a building permit, paid the fee, and were issued a building permit." *Infinium Builders LLC v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:23-CV-00924, 2025 WL 2302266, at *8 (M.D. Tenn. Aug. 8, 2025). Moreover, Plaintiffs "are not awaiting a decision, and "there [is] no question .. . about how the 'regulations at issue apply to the particular land in question.'" *Id*. (quoting *Pakdel*, 594 U.S. at 478). Upon payment of the affordable housing fee as a condition precent to obtaining a building permit, Plaintiffs suffered actual injury by Defendant's action, and they are not prematurely litigating a hypothetical harm. *Id*.

## CONCLUSION

After a careful review and analysis of the arguments and existing case law as discussed above, Defendant's Motion to Dismiss must be denied.

**THEREFORE, IT IS ORDERED** Defendant Teton County Board of County Commissioners' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). [ECF No. 12] is **DENIED**.

Dated this 11th day of September 2025.

_____
Kelly H. Rankin
United States District Judge